SLT:KKO
F. #2011R01432

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 **11 -707**

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :       <u>APPLICATION</u>
FOR AN ORDER AUTHORIZING THE RELEASE    :
OF HISTORICAL CELL-SITE INFORMATION     :
- - - - - - - - - - - - - - - - - - - x

        KARIN K. ORENSTEIN, an Assistant United States Attorney

for the Eastern District of New York, hereby applies to the Court

for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing

that within seven days T-Mobile, USA and Sprint/Nextel (the

"service providers") disclose recorded information identifying

the base station towers and sectors that received transmissions

from:

      (1)   (347) 579-5016, a telephone issued by T-MOBILE, USA

              ("PRICE SUBJECT TELEPHONE#1");

      (2)   (917) 356-3692, a telephone issued by T-MOBILE, USA

              ("PRICE SUBJECT TELEPHONE #2"); and

      (3)   (646) 294-9657, a telephone issued by Sprint/Nextel

              (the "DENNISON SUBJECT TELEPHONE"; collectively, the

              "SUBJECT TELEPHONES");

at the beginning and the end of calls or text message

transmissions, and the mobile switching center serving the

SUBJECT TELEPHONES during any calls or text message

transmissions, for the period from September 12, 2011 through

September 14, 2011 ("the HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1.    I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York.  As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2.    The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.  18 U.S.C. § 2703(d).

3.    I have discussed this matter with a Task Force Officer of the Drug Enforcement Administration (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the task force officer, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d).  First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled

substance, contrary to Title 21, United States Code, Section 846.
Second, it is believed that the users of the SUBJECT TELEPHONES
(the "targets"), have used the SUBJECT TELEPHONES in furtherance
of the above offenses.  Third, HISTORICAL CELL-SITE INFORMATION
will further the investigation by providing evidence of the
targets' location and movements in preparation for a cocaine
transaction.

4.    Based upon discussions with a task force officer
of the investigative agency, the government hereby sets forth the
following specific and articulable facts showing that there are
reasonable grounds to believe that the information sought is
relevant and material to an ongoing criminal investigation.  This
investigation has established information indicating that the
targets are using the SUBJECT TELEPHONES.

5.    As part of the DEA investigation, DEA agents
debriefed a cooperating witness ("CW"), who has pleaded guilty to
conspiracy to import cocaine and conspiracy to launder money and
is cooperating in the hopes of receiving a reduced sentence.  The
information provided by the CW has proven to be reliable in the
past and has been corroborated by independent evidence, including
a recorded telephone call and a recorded meeting between the CW
and DENNISON.

6.    The CW advised DEA agents, in sum and substance,
that on or about and between September 12, 2011 and September 13,

3

2011, the CW had a series of telephone conversations with an individual, later identified as DENNISON. During these telephone calls, DENNISON agreed to sell the CW one kilogram of cocaine in exchange for $32,000. DENNISON and the CW further agreed that they would meet on September 14, 2011 at the Linden Multiplex theater on Linden Boulevard in Brooklyn, New York (the "Linden Multiplex"). During these telephone calls, the CW contacted DENNISON by calling the DENNISON SUBJECT TELEPHONE.

7.     On or about September 14, 2011, at approximately 4:30 p.m., DEA agents checked the CW for contraband with negative results and equipped the CW with a digital recording device. Acting pursuant to DEA instructions, the CW drove the CW's vehicle to the parking lot of the Linden Multiplex to meet with DENNISON. Agents observed the CW exit the CW's vehicle and enter a 2007 Mercedes-Benz 300 series (the "Mercedes-Benz"). During the meeting, DENNISON showed the CW a bag containing cocaine and the CW then told DENNISON that the CW was leaving to get money to purchase the cocaine. The CW then exited Mercedes-Benz and gave a pre-arranged sign to DEA agents indicating that the CW had met with DENNISON and that DENNISON had the cocaine in the Mercedes-Benz.

8.     Upon the CW's return to the CW's vehicle, agents approached the Mercedes-Benz and arrested DENNISON. Agents located a plastic bag on the floor of the rear area on the

4

passenger-side of the Mercedes-Benz.  Inside the bag was powdery white substance which later field-tested positive for cocaine. The weight of the cocaine is approximately 1,012.16 grams.

9.    After DENNISON's arrest, DEA agents informed him of his Miranda rights and he contacted his attorney on his telephone, later determined to be the DENNIS SUBJECT TELEPHONE. After speaking with his attorney, DENNISON waived his Miranda rights and agreed to speak with agents.  DENNISON advised the DEA agents, in sum and substance, that approximately one and a half hours before his arrest, he received 800 grams of cocaine from a person known to him as "Bigga" or "Earl" at an address on Hinsdale Avenue in Brooklyn, New York.  While speaking with the DEA agents, the DENNISON SUBJECT TELEPHONE rang several times and the contact name "Bigga" appeared on its screen.  Agents later seized the DENNISON SUBJECT TELEPHONE as evidence and confirmed that the contact telephone number for "Bigga" was PRICE SUBJECT TELEPHONE#1.  In addition, the DENNISON SUBJECT TELEPHONE contained a contact number for PRICE SUBJECT TELEPHONE #2 labeled "Bigga 2".

10.    On the same date, at approximately 6:00 p.m., acting pursuant to DEA instructions, DENNISON used the DENNISON SUBJECT TELEPHONE to make a consensually recorded telephone call to EARL PRICE by calling PRICE SUBJECT TELEPHONE #1, the telephone number associated with "Bigga" in the DENNISON SUBJECT

TELEPHONE. During this recorded telephone call, DENNISON stated to PRICE, in sum and substance, that he had two flat tires on his vehicle and asked PRICE to come to the parking lot to pick up the money from the sale of the cocaine.

11. On the same date, at approximately 6:20 p.m., DEA agents observed a silver minivan drive into the Linden Multiplex parking lot. The minivan drove slowly past the Mercedes-Benz. At that time, DENNISON advised the DEA agents, in sum and substance, that the driver of the minivan was the person known to him as "Bigga" or "Earl." DEA agents then directed the minivan to stop in the vicinity of the entrance to the movie theater and detained the driver, later identified as EARL PRICE.

12. Upon being detained, PRICE advised the DEA agents that he was meeting a woman to go to the movies. DEA agents waited with PRICE near the entrance to the movie theater for approximately one hour, but no one appeared. PRICE was then arrested.

13. At the time of his arrest, DEA agents seized two telephones from PRICE. These telephones were later determined to be PRICE SUBJECT TELEPHONE #1 and PRICE SUBJECT TELEPHONE #2.

14. Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service providers to supply within seven days the HISTORICAL CELL-SITE

6

INFORMATION for the period from September 12, 2011 through September 14, 2011.

      15.   No prior request for the relief set forth herein has been made except to the extent set forth above.   The foregoing is affirmed under the penalties of perjury.   See 28 U.S.C. § 1746.

Dated:    Brooklyn, New York
           October 13, 2011

                  Karin K. Orenstein
                  Assistant United States Attorney
                  (718) 254-6188

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  **11 -707**

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION       :
OF THE UNITED STATES OF AMERICA       :   ORDER OF
FOR AN ORDER AUTHORIZING THE RELEASE  :   <u>AUTHORIZATION</u>
OF HISTORICAL CELL-SITE INFORMATION   :
- - - - - - - - - - - - - - - - - - - x

This matter having come before the Court pursuant to an application by Assistant United States Attorney KARIN K. ORENSTEIN, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile, USA and Sprint/Nextel (the "service providers") disclose recorded information identifying the base station towers and sectors that received transmissions from:

(1)   (347) 579-5016, a telephone issued by T-MOBILE, USA ("PRICE SUBJECT TELEPHONE#1");

(2)   (917) 356-3692, a telephone issued by T-MOBILE, USA ("PRICE SUBJECT TELEPHONE #2"); and

(3)   (646) 294-9657, a telephone issued by Sprint/Nextel (the "DENNISON SUBJECT TELEPHONE"; collectively, the "SUBJECT TELEPHONES");

at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message

transmissions, for the period from September 12, 2011 through September 14, 2011 ("the HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, being conducted by the Drug Enforcement Administration (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from September 12, 2011 through September 14, 2011.

Dated:     Brooklyn, New York
           October 13, 2011

s/ RER

_____
HONORABLE RAMON R. REYES
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 11 -707

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :      ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :      <u>SERVICE PROVIDER</u>
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - x

      WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§ 2703(c)(1) and (d), directing that within seven days

Sprint/Nextel (the "service provider") disclose recorded

information identifying the base station towers and sectors that

received transmissions from (646) 294-9657, a telephone issued by

the service provider (the "SUBJECT TELEPHONE"), at the beginning

and the end of calls or text message transmissions, and the

mobile switching center serving the SUBJECT TELEPHONE during any

calls or text message transmissions, for the period from

September 12, 2011 through September 14, 2011 (the "HISTORICAL

CELL-SITE INFORMATION").

      NOW THEREFORE, IT IS HEREBY:

      ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d),

that the service provider shall supply within seven days the

HISTORICAL CELL-SITE INFORMATION for the period from September
12, 2011 through September 14, 2011.

Dated:     Brooklyn, New York
           October 13, 2011

                              s/ RER

                    _____
                    HONORABLE RAMON E. REYES
                    UNITED STATES MAGISTRATE JUDGE
                    EASTERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 11 -707

- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :     ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :     <u>SERVICE PROVIDER</u>
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the
United States of America, entered an Order pursuant to 18 U.S.C.
§ 2703(c)(1) and (d), directing that within seven days T-Mobile,
USA (the "service provider") disclose recorded information
identifying the base station towers and sectors that received
transmissions from (347) 579-5016, and (917) 356-3692, two
telephones issued by the service provider (the "SUBJECT
TELEPHONES"), at the beginning and the end of calls or text
message transmissions, and the mobile switching center serving
the SUBJECT TELEPHONES during any calls or text message
transmissions, for the period from September 12, 2011 through
September 14, 2011 (the "HISTORICAL CELL-SITE INFORMATION").

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d),
that the service provider shall supply within seven days the

1

HISTORICAL CELL-SITE INFORMATION for the period from September 12, 2011 through September 14, 2011.

Dated:      Brooklyn, New York
            October 13, 2011

                              s/ RER

            _____
            HONORABLE RAMON E. REYES
            UNITED STATES MAGISTRATE JUDGE
            EASTERN DISTRICT OF NEW YORK

2